Junk *et al. v.* Barnard.

Filed Dec. 18, 1884.

---

No. 11,003.

## JUNK ET AL. *v.* BARNARD.

VENDOR AND VENDEE.— *Title-Bond. —Breach. —Failure of Title.*— The breach of a condition in a title-bond to execute a warranty deed consti- tutes a cause of action, though it be stipulated in the bond that "the grantee agrees to accept the property with the understanding that he is to get possession of the tenant in possession."

SAME.—*Damages.*—In such case, damages to the extent of the purchase- money paid, with interest at 6 per cent. per annum, can not be deemed excessive.

From the Cass Circuit Court.

*T. J. Tuley, S. T. McConnell, R. Magee* and *D. B. McCon- nell,* for appellants.

*M. Winfield* and *C. E. Taber,* for appellee.

BICKNELL, C. C.—The appellee brought this suit against the appellants upon a title-bond, dated September 25th, 1876, which recited a sale of land by the appellants to the appellee, and the terms of the sale, and was conditioned for the execution of a warranty deed by the appellants to the appellee within three months after its date. The complaint averred payment of the purchase-money. There was a provision in the bond that the grantee accepted the property with the understanding that she was to get possession of it from the tenant in possession. The breaches alleged in the complaint were that the appellants, although requested, have not made the warranty deed, and that they never had title to the land.

The defendants filed an answer in four paragraphs and also a counter-claim, viz. :

1. The general denial.

2. That the plaintiff's claim was fully paid and satisfied before suit brought.

3. That the plaintiff's claim was wholly without consideration.

4. That at the time of the sale the defendants had never seen the land, and did not know who had possession of it, except by the statements of the plaintiff; that the plaintiff came to them and proposed to buy the land, claiming to be acquainted with the title, and with the claim of one Cook the then tenant in possession ; that defendants told the plaintiff, they knew nothing of the title; that they had taken the land in payment of a doubtful debt, without any inquiry as to title or possession ; that plaintiff replied that she knew about the title and knew that said Cook had no title and was in possession unlawfully ; that the parties then agreed that the plaintiff should give the defendants the notes mentioned in the bond, and that upon payment according to the bond, the defendants should give plaintiff a quitclaim deed for the land ; that the defendants never agreed to give a warranty deed, but that, by the mutual mistake of the parties, the agreement as to a quitclaim deed was omitted in the bond and

instead thereof the provision for a warranty deed was inserted; that by the agreement the plaintiff was not to be entitled to any deed until the notes mentioned in the bond were paid, and even then was to be entitled to a quitclaim deed only; that afterwards, the mistake being discovered, the parties compromised the plaintiff's claim, and the plaintiff agreed to surrender the bond and take a quitclaim deed, and the defendants agreed to execute said quitclaim at once without waiting for the payment of said notes, and the plaintiff thereupon surrendered said bond and accepted in place thereof a quitclaim deed for said land, executed by defendants. Wherefore, etc.

The defendants also filed a counter-claim alleging substantially the same facts set up in the fourth paragraph of answer, and praying that the bond be reformed, etc.

The plaintiff replied in denial of each of the special defences, and answered in denial of the counter-claim. The issues were tried by a jury, who returned a verdict for the plaintiff, with $801.53 damages.

A motion for a new trial by the defendants was overruled; judgment was rendered on the verdict, and the defendants appealed. There are several errors assigned, but the only matters discussed in the appellants' brief are the sufficiency of the complaint, the sufficiency of the evidence, and the question whether the damages are excessive.

The appellants claim that because the bond contains the provision that "the grantee agrees to accept the said property with the understanding that he is to get possession of the tenant in possession," therefore there is no cause of action on the bond, but the condition of the bond being that the defendants shall make a warranty deed, the breach of the condition gives a cause of action, notwithstanding the agreement of the plaintiff as to getting the possession. We think the complaint was sufficient. As to the sufficiency of the evidence, the testimony was conflicting; there was evidence tending to support the verdict. In such a case this court can

not interfere with the verdict of the jury, supported by the action of the trial court in overruling a motion for a new trial. · *Lake Erie, etc., R. W. Co.* v. *Everett,* 86 Ind. 229.

We think the damages were not excessive; the jury gave the plaintiff the money she had paid, with 6 per cent. interest. We think this was right. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellants.

Filed Dec. 19, 1884.